UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:22-cr-20074-7

HONORABLE STEPHEN J. MURPHY, III

v.

TAMARIOUS FAULKNER,

          Defendant.
                                    /

**OPINION AND ORDER**
**DENYING MOTION FOR REVOCATION OF DETENTION ORDER [114]**

Defendant Tamarious Faulkner was charged with one count of conspiracy to distribute fentanyl and one count of possession with intent to distribute forty grams or more of fentanyl. ECF 61, PgID 178–83, 192. After a full hearing, Magistrate Judge Kimberly Altman ordered Defendant detained pending trial. ECF 10. Defendant appealed the detention order under 18 U.S.C. § 3145(b). ECF 114, PgID 384–85.

"[T]here is ample authority for the conclusion that the [Court] may decide the motion on the filings . . . as opposed to a hearing." *United States v. Young*, No. 1:19-cr-10040, 2020 WL 2529455, at *3 (W.D. Tenn. May 18, 2020) (quoting *United States v. Hearns*, No. 1:20-cr-110, 2020 WL 1493747, at *3 (N.D. Ohio Mar. 27, 2020)). Because the motion is straightforward, and the matter was heard before Magistrate Judge Altman, the Court will deny the motion on the filings. *See id.*; *see also* E.D. Mich. L.R. 7.1; E.D. Mich. Crim. L.R. 12.1(a).

1

Section 3145(b) allows the Court to review de novo an order detaining Defendant. *United States v. Patton*, No. 20-cr-20393, 2021 WL 267778, at *2 (E.D. Mich. Jan. 27, 2021). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "Generally, in order for a defendant to be detained, the [G]overnment must establish (1) 'risk of flight by a preponderance of the evidence' or (2) 'dangerousness to any other person or the community by clear and convincing evidence.'" *Patton*, 2021 WL 267778, at *2 (quoting *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004)). And the Court will order pretrial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

Magistrate Judge Altman found, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the safety of any other person and the community or would reasonably assure Defendant's appearance as required. ECF 10, PgID 236–37. Judge Altman based her decision on the "[w]eight of evidence against the [D]efendant," Defendant's "[p]rior criminal history" and "lengthy period of incarceration if convicted," Defendant's "[h]istory of violence or use of weapons," and Defendant's "[l]ack of stable employment." *Id.* at 236. Judge Altman noted that although Defendant has been unemployed for two years, he was "found with large amounts of cash and expensive jewelry." *Id.* at 237. And although Defendant took many frequent, short trips around the country, Defendant could not provide a current home address to pretrial services. *Id.* Plus, apart from his extensive

2

gang involvement and firearm usage, he "has a history of not complying with [S]tate probation and [has] juvenile and adult convictions for assaulting, resisting, and obstructing law enforcement." *Id.* Judge Altman's order, however, did not assess whether Defendant faces a rebuttable presumption of detention under § 3142(e). *Id.* at 235–36.

The Court has reviewed the motion, ECF 114, the Government's response, ECF 120, the audio recording of the detention hearing before Judge Altman, ECF 11, and Judge Altman's findings, ECF 10. In the motion, Defendant conceded that his detention is presumed under § 3142(e)(3). ECF 114, PgID 387. But Defendant argued that he rebutted the presumption. *Id.* at 387–91. He suggested that home confinement with his mother in Lansing, Michigan and electronic monitoring would not only reasonably assure the safety of the community but also his appearance before the Court, *id.* at 392–95.

Given the § 3142(e)(3) presumption, Defendant has the burden of production. *Stone*, 608 F.3d at 945. To meet the small burden, Defendant need only "come forward with evidence that he does not pose a danger to the community or risk of flight." *Id.* (cleaned up). If Defendant satisfies the burden, then the Government still retains the burden of persuasion, and the presumption is but one factor to consider among the § 3142(g) factors. *Id.* (citations omitted).

Under the § 3142(g) factors, the Court must weigh: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against Defendant"; (3) "the history and characteristics of Defendant"; and (4) "the nature

and seriousness of the danger to any person or the community that would be posed by Defendant's release." *Id.* at 946 (cleaned up).

The Court will deny the motion for three reasons. First, Defendant's mother is a risky third-party custodian with whom to entrust Defendant. Based on the Government's proffered evidence, his mother has facilitated his criminal behavior by hiding his money in her bank account. ECF 120, PgID 527. Defendant did not respond to the Government's proffer. And besides her facilitation, Defendant's mother lives in Lansing, which is in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). In all, living outside the Court's jurisdiction with a custodian who has facilitated his criminal behavior in no way reasonably assures the safety of any other person and the community, or that Defendant would appear in the Eastern District as required. *See* § 3142(g)(3); *United States v. Phelps*, No. 2:20-CR-00074-2, 2021 WL 84534, at *4 (E.D. Tenn. Jan. 11, 2021) (finding that an unreliable third-party custodian does not reasonably assure the appearance of a defendant).

Second, Defendant is a risk to flee based on his frequent travel and the large amount of wealth that he inexplicably obtained before his arrest. ECF 10, PgID 237. Defendant brushed aside the wealth and noted that there is no evidence showing he "has access to more money than what was seized at the time of his arrest." ECF 114, PgID 388. Although it appears that Defendant lost some wealth due to his arrest, he still obtained the wealth in a short timeframe while he was unemployed and traveling often. ECF 120, PgID 527. Defendant has still not explained how he quickly received his short-lived wealth, *see* ECF 114, and given the omission, the Court is not assured

4

that he does not have the means to reattain his wealth so that he can flee. If anything, Defendant has more motive to reattain his wealth so that he could flee because he faces a mandatory-minimum, ten-year prison sentence, and a guideline-minimum sentence of twenty-two years. ECF 120, PgID 528. In short, Defendant not only has the know-how to quickly obtain wealth despite being unemployed, but he also has a history of quickly traveling out of the Court's jurisdiction. *See* § 3142(g)(2); ECF 10, PgID 237; ECF 120, PgID 518–19.

Third, the nature and circumstances of Defendant's alleged offenses are serious. § 3142(g)(1); *Stone*, 608 F.3d at 947 n.6 ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.") (citations omitted). Besides the present charges, Defendant has a long criminal history that not only shows disrespect for the law, but also disrespect for law enforcement and probation requirements. ECF 10, PgID 237; *e.g.*, ECF 120, PgID 520–21; *see* § 3142(g)(3). And worse, Defendant already has the long criminal history despite being twenty-five years old. ECF 114, PgID 387. Even though Defendant had violent crime adjudications as a juvenile, ECF 120, PgID 520, the Court must consider more than "the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam); *see* § 3142(g)(4). And here the Court sees drug trafficking and firearms possession both presenting dangers to the community. Availability of a third-party custodian or GPS tracking does not change those findings.

In sum, the Court will deny the motion for revocation of the detention order. Defendant is a danger to the community and no condition of release or combination

of conditions would assure the Court that he would not be a danger to the community or that he would appear as required.

**WHEREFORE**, it is hereby **ORDERED** that the motion for revocation of the detention order [114] is **DENIED**.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: July 11, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2022, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager