United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Case No. 2:22-cr-20074

v.

                                Hon. Stephen J. Murphy, III

D-7 Tamarious Faulkner,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Tamarious Faulkner, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Sixth Superseding Information. Count 1 charges the defendant with Conspiracy to Distribute Fentanyl under 21 U.S.C. § 846.

Page **1** of 21

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Minimum: 10 years<br><br>Maximum: Life |
|---|---|---|
| | Fine: | Maximum: $10,000,000 |
| | Term of supervised release: | Minimum: 5 years<br><br>Maximum: Life |

## 3.   Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4.   Elements of Count of Conviction

The elements of Count 1 are:

First:   Two or more persons conspired, or agreed, to violate the drug laws by distributing a controlled substance.

Second: The defendant knowingly and voluntarily joined the conspiracy.

Third: The amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl) attributable to the defendant as a result of his own conduct, and the conduct of other co-conspirators reasonably foreseeable to him, is 400 grams or more.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about June 2021 through March 1, 2022, in Jackson County, Eastern District of Michigan, and elsewhere, Tamarious Faulkner and others knowingly and intentionally conspired and agreed together and with each other to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Some members of the conspiracy acted as leaders and organizers while others had different roles, including drug sellers, drug cooks, and enforcers. Tamarious Faulkner was the leader of the conspiracy. Tamarious Faulkner had decision making

Page **3** of **21**

authority, claimed a right to a larger share of the proceeds, directed accomplices regarding the distribution and sale of fentanyl, obtained larger amounts of fentanyl than other members of the conspiracy, and distributed the fentanyl amongst other members of the conspiracy for further distribution and sale. The conspiracy involved five or more participants.

As part of that conspiracy, on or about March 1, 2022, in Jackson, Tamarious Faulkner possessed with intent to distribute approximately ninety (90) grams of a mixture and substance containing a detectable amount of fentanyl.

The controlled substances involved in the conspiracy attributable to Tamarious Faulkner, as a result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him, was at least 1,200 grams but less than 4,000 grams of a mixture and substance containing fentanyl. As a part of the conspiracy, Tamarious Faulkner received proceeds from the sale and distribution of fentanyl totaling $320,000.

## 6. Advice of Rights

The defendant has read the Sixth Superseding Information has discussed the charges and possible defenses with his attorney, and

understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**7.     Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Safety Valve

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

## B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will

be free to argue that the defendant receive an enhancement for

obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the following guideline provisions apply.

- USSG § 2D1.1(a)(5) – A base offense level of 32 for the offense
  involving at least 1,200 grams but less than 4,000 grams of
  fentanyl.

- USSG § 3B1.1(a) – A four-level increase because the defendant
  was an organizer or leader of a criminal activity that involved five
  or more participants.

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing

purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

As part of this agreement, pursuant to 21 U.S.C. § 853, defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from proceeds traceable to defendant's Title 21 violation, and/or constitutes property used, or intended to be used to commit, or to facilitate, the commission of such violation. Various items

Page **13** of **21**

seized from defendant have already been administratively forfeited, and Defendant waives any challenge to those forfeitures, and abandons any claim thereto. Defendant also agrees to the entry of a personal money judgment against him in favor of the United States in the amount of $320,000.00, which the parties agree represents an amount of proceeds defendant obtained as a result of his Title 21 offense.

Following defendant's guilty plea, defendant agrees to the prompt entry of one or more orders of forfeiture containing the money judgment and any property that is subject to forfeiture pursuant to 21 U.S.C. § 853, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, his sentencing in this case. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. Defendant agrees that the forfeiture order shall become final as to defendant at the time it is entered by the court.

Defendant agrees that the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant, and that to satisfy the money judgment, the government may forfeit any assets defendant has now, or may later acquire, as

substitute assets under 21 U.S.C. § 853(p)(2), and defendant waives and
relinquishes his rights to oppose the forfeiture of substitute assets
under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees that he will cooperate with the United States by
taking whatever steps are necessary to deliver clear title to property
that is subject to forfeiture pursuant to 21 U.S.C. § 853 to the United
States and will execute such legal documents as may be required to
transfer title to the United States and by taking whatever steps are
necessary to ensure that the property is not sold, disbursed, hidden,
wasted or otherwise made unavailable for forfeiture.  If any other
person or entity has any interest in such property, defendant will assist
in obtaining a release of interest from any such other person or entity,
and to deliver clear title to property that is subject to forfeiture
pursuant to 21 U.S.C. § 853.

Defendant agrees not to contest, and agrees not to assist anyone
else in contesting, any non-judicial and/or judicial forfeiture of property
that is subject to forfeiture in this criminal case.

In entering into the foregoing agreement with respect to
forfeiture, defendant expressly waives his right to have any further

Page **15** of **21**

determination regarding the forfeitability of the property identified above whether by judge, or by a jury under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property may be part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise, at the change-of-plea hearing.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further agrees to hold the United States of America, and any federal or local law enforcement agency involved in this matter,

their agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

## 13.    Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches

this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and

the defendant waives his double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.  Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.  Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.  Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 10:30 AM on January 28, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

_____
Craig F. Wininger
Chief, Violent and Organized
Crime Unit
Assistant United States
Attorney

_____
Andrew R. Picek
Assistant United States
Attorney

Dated: 1/27/2025

By signing below, the defendant and his attorney agree that the

defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer

with his attorney. The defendant further agrees that he understands

this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____
David Cripps
Attorney for Defendant

_____
Tamarious Faulkner
Defendant

Dated: 1.25.25

Page 21 of 21